## THE CENTRAL et al.

(District Court, S. D. New York. March 30, 1903.)

1. COLLISION — STEAM VESSELS CROSSING—FAULT IN NOT ALLOWING MARGIN FOR SAFE NAVIGATION.

A ferryboat crossing North river *held* in fault for a collision with a canal boat in tow of a tug passing up the river, on the ground that, having agreed by signal to pass under the stern of the tow, she failed to allow sufficient margin for safe navigation.

In Admiralty. Suit for collision.

Peter S. Carter, for the libelant.
James J. Macklin, for the Central.
Wilcox & Green, for the Cox.

ADAMS, District Judge. This is a libel for a collision happening in the North River, on the 4th day of February, 1902, about 4:50 o'clock P. M., between the ferryboat Central and the canal boat D. B. Houghton, in tow of the tug Drusilla M. Cox. The Cox had three boats in tow, one on each side, and the third, the Houghton, close behind the boat on the starboard side. They were bound to Hoboken from the East River. The Central was making a trip from the foot of Liberty Street to her slip at Communipaw, New Jersey. The weather was clear and the tide about the strength of the flood.

A signal of two whistles was exchanged between the Central and the Cox, the former claiming that it gave the first signal, which the Cox answered, and the latter claiming the first signal was given by her, and that the Central answered. The collision took place about opposite Liberty Street, probably a little below, the Central with her starboard bow, striking the Houghton on her starboard side near the stern.

The action was brought against both of the steam vessels but the libellant abandons his charges against the Cox and claims that the Central was solely in fault because having agreed upon a two whistle course, she did not govern her navigation accordingly but brought about the collision by attempting to shave the tow too closely. The Cox joins in the charge against the Central. The latter claims that the Cox was solely in fault for the collision because she was navigating too near the piers on the New York side and in porting, as the vessels approached each other, instead of remaining under a starboard helm and keeping away so as to give the Central necessary room.

On the question of proximity to the New York shore, the testimony on the part of the libelant and the Cox is to the effect that the

collision took place near the centre of the river, which at this point, between the end of the piers, is about 4,000 feet wide. The Central claims that it happened about 400 feet from the ends of the New York piers. I do not consider the testimony of the latter entitled to much credence. Moreover, the probabilities favor the opposing contention. All the testimony shows, that after rounding the Battery, the tug angled over towards the New Jersey shore, as would naturally be the case as she was bound to Hoboken, and such a course would, at the point of collision, carry her a considerable distance from the New York shore. And, the tide being flood, she would get the advantage of it by proceeding towards the centre of the river. I find that this charge of fault is not sustained.

This finding of position, also disposes of the other contention. It is only claimed that the tow got about 30 feet to the eastward by reason of the claimed change which, if made, was in consequence of another tow passing close on the port side, and it is obvious that if the collision happened well out from the shore, the Central was not deprived of any necessary room for her manœuvres in leaving her slip. And the testimony shows that instead of keeping her helm to starboard, which the strength of the tide required in order to navigate safely under the tail of the tow, in conformity with the agreed course, which she claims she initiated, the Central after proceeding a short distance from her slip, let her wheel run amidships and steadied it, and then put it to starboard again when too late. The real cause of the collision was that the Central did not allow a sufficient margin for safe navigation. I find no fault upon the part of the Cox.

Decree for the libellant against the Central, with an order of reference. Libel against the Cox dismissed.